**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 05-80935

WALTER CALLAHAN,

    Defendant.
                                     /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO QUASH A +2
POINT ENHANCEMENT [AND] +4 POINT OBLITERATION ENHANCEMENT"**

Pending before the court is Defendant Walter Callahan's *pro se* "Motion to Quash +2 Point Enhancement [and] +4 Point Obliteration Enhancement," filed August 28, 2008. Now incarcerated at the Federal Correctional Institution in Morgantown, West Virginia, Defendant pleaded guilty to possession of a firearm with an obliterated serial number under 18 U.S.C. § 922(k). For the reasons stated below, the court will deny Defendant's motion.

**I.  BACKGROUND**

On January 12, 2006, Defendant pleaded guilty to possession of a firearm with an obliterated serial number under 18 U.S.C. § 922(k) based on events which took place on July 31, 2003 in Garden City, Michigan. (Plea ¶ 1.C.) Defendant also signed a plea agreement ("Plea"), which included a number of waivers regarding Defendant's ability to challenge his sentence.

In accord with the federal sentencing guidelines, this court sentenced Defendant to 57-months imprisonment, two years of supervised release, and recommended

imprisonment in a facility with a comprehensive drug treatment program. (J. 2, May 23, 2006.)

In his motion, Defendant alleges that this court imposed impermissible enhancements to the calculation of Defendant's sentence. (Def.'s Mot. at 1-2.) Specifically, Defendant alleges that the court enhanced his sentence four points for the conviction itself and imposed another two-point enhancement for possession.[1] (Def.'s Mot. at 2.) Defendant notes his confusion regarding the two-point enhancement for possession because a charge of possession under 28 U.S.C. § 922(g)(1) was dismissed as part of Defendant's Plea. (Def.'s Mot. at 2.) Defendant also contends that the court sentenced him in violation of his Sixth Amendment right under the United States Constitution to have a jury determine his guilt as to each count against him and in violation of the Equal Protection Clause. (Def.'s Mot. at 1.) Finally, Defendant requests the court to remove the enhancements so that the Bureau of Prisons ("BOP") will enroll him in a drug rehabilitation program, the Residential Drug Abuse Program, and deem Defendant eligible for early release upon completion of the program. (Def.'s Mot. at 3-4.)

The Government construes Defendant's motion as a motion made pursuant to 28 U.S.C. § 2255 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), and addresses it accordingly. The Government maintains that not only does the statute of limitations bar Defendant's

---

[1] While Defendant describes his sentence as stated, he actually received a two-point enhancement for obliteration and a four-point enhancement for possession in connection with narcotics. (Plea Worksheet A ¶ 1.)

motion, Defendant also waived his right to make any of the foregoing claims when he entered a guilty plea. (Pl.'s Resp. at 2.) The Government also contends the court lacks authority to issue an order regarding Defendant's eligibility for a drug rehabilitation program because such decisions fall within the BOP's discretion. (Pl.'s Resp. at 2.) Finally, the Government argues that Defendant fails to state a claim under either the Due Process Clause or the Equal Protection Clause. (Pl.'s Resp. at 8-9.)

## II. DISCUSSION

Defendant specifically informs the court that he is not asking that the court "bring him back before it for the purposes of re-sentencing him," nor that the court "adjust his time." (Def.'s Mot. at 4.) Defendant only asks that the court "remove the unlawful [sentence] enhancements" so that he may be eligible for a drug rehabilitation program and the accompanying early release program. (Def.'s Mot. at 4.) However, Defendant cites no authority by which the court may grant the relief which he has requested in his motion. While Defendant states that he does not challenge his sentence, he nonetheless disputes the imposition of the sentence enhancements which keep him from entering the drug rehabilitation program. Therefore, the court addresses, in turn, Defendant's motion both as a request for order of eligibility to a drug rehabilitation program and as a challenge to Defendant's sentence under the Sixth Amendment.[2]

---

[2] The Government has argued that the court should construe the relief requested as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, however, is reluctant to do so. Defendant states that the relief he seeks is not the alteration or diminishment of his sentence, but rather, admission into a drug rehabilitation program. (Def.'s Mot. at 4.) The Sixth Circuit has instructed district courts to refrain from construing prisoner motions as § 2255 petitions without first notifying the prisoner. *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002), because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may

To the extent Defendant requests the court to order his admission to the drug rehabilitation program, the court lacks this authority. By statute the BOP has exclusive authority for making determinations regarding prisoner eligibility for drug rehabilitation programs. 18 U.S.C. § 3621(b); *United States v. Jackson*, 70 F.3d 874, 877-78 (6th Cir. 1995) (holding that whether a federal prisoner participates in a drug rehabilitation program is solely within the authority of the Federal Bureau of Prisons).[3] In fact, a federal court cannot mandate a prisoner's admission into a drug rehabilitation program. *Jackson*, 70 F.3d at 878. The most a court can do is recommend a prisoner for admission into a drug rehabilitation program; the court has already done so in Defendant's case. *Id.* Defendant cites no other authority by which the court could issue such an order. Therefore, the court will deny Defendant's motion to the extent that it requests the court to order Defendant's admission into a drug rehabilitation program.

---

effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or a "new rule of constitutional law . . . that was previously unavailable." *See* 28 U.S.C. § 2255. In addition, a court may refrain from construing a prisoner's motion as a § 2255 petition if it would plainly lack merit. *See Wesley v. United States*, 1995 WL 603329, *1 (6th Cir. Oct. 12, 1995); *see also Cook v. United States*, 1998 WL 69784, *2 (6th Cir. Feb. 10, 1998). Therefore, the court will not construe Defendant's motion as a § 2255 petition.

[3] Defendant makes no explicit due process claim in his motion. As The Government notes in its brief, even if the court were to construe Defendant's request for eligibility to a drug rehabilitation program as a due process claim, Defendant's claim would nonetheless fail because Defendant has not shown a deprivation of a constitutionally protected interest. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon . . . prisoner classification and eligibility for rehabilitative programs in the federal system."); *Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007).

To the extent that Defendant challenges his actual sentence under the Sixth Amendment by contesting the sentence enhancements, the court cannot grant him this relief.[4]  Petitioner specifically waived challenges to his sentence when he signed his Plea.  Petitioner waived:

> any and all rights he may have under the Sixth Amendment to have the pertinent facts of his case determined by a jury.  If the court imposes a sentence within the range described in ¶ 2 of this agreement, defendant further waives any right he may have to appeal his conviction or sentence[,] including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

(Plea ¶ 5.)  Paragraph 2 of Defendant's Plea[5] provides that,

> subject to the Court's determination that U.S.S.G. §2K2.1(b)(5) is applicable, that a sentence of imprisonment within the range of 87-108 months, to be followed by a term of supervised release of between 2-3 years, is a reasonable and appropriate disposition of the case.  If the court does not find U.S.S.G. §2K2.1(b)(5) to be applicable, then pursuant to Rule 11(c)(1)(B), the parties recommend to the Court, that a sentence of imprisonment within the range of 57-71 months, to be followed by a term of supervised release of between 2-3 years, is a reasonable and appropriate disposition of the case.

(Plea ¶ 2.)  At Defendant's sentencing hearing, the presentence report suggested a range of 51-63 months.  (Sent. Hr'g 3:2, May 2, 2006.)  The court subsequently sentenced Defendant to 57 months of imprisonment, two years of supervised release,

---

[4] Defendant also states in his motion that his sentence violates the Equal Protection clause.  However, Defendant presents little, if any, argument regarding this claim.  In any event, Defendant fails to state a claim for equal protection because he does not allege that he was a member of a protected class.  *Wilson v. Morgan*, 477 F.3d 326, 333 (6th Cir. 2007).

[5] The 2005 United States Sentencing Guidelines were in effect at the time of Defendant's sentence, and the citations contained in Defendant's Plea refer to the 2005 manual.

5

and recommended imprisonment in a facility with a comprehensive drug treatment program.  (J. 2, May 23, 2006.)  Because the court sentenced Defendant in accord with the plea agreement, Defendant's waiver of rights bars any Sixth Amendment challenges to his sentence.

The Sixth Circuit has held that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).  Petitioner does not allege that his guilty plea included a waiver that was not "informed and voluntary" and has made no attempt in the instant motion to challenge his Plea.  Accordingly, the court will deny Defendant's motion to the extent it seeks to alter his sentence.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Quash +2 Point Enhancement [and] +4 Point Obliteration Enhancement," [Dkt. # 20] is DENIED.

                                                            s/Robert H. Cleland  
                                                            ROBERT H. CLELAND  
                                                            UNITED STATES DISTRICT JUDGE

Dated:  January 14, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
